IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 23, 2002

## STATE OF TENNESSEE v. JACKY E. JONES

**Direct Appeal from the Circuit Court for Blount County**
**No. C-5342     D. Kelly Thomas, Jr., Judge**

_____

**No. E2001-00430-CCA-R3-CD**
**April 18, 2002**
_____

The appellant, Jacky E. Jones, was found guilty by a jury in the Blount County Circuit Court of one count of obtaining a controlled substance by fraud and was sentenced to three years incarceration in the Blount County Jail. The trial court later granted the appellant probation. Months into the service of his probationary sentence, the appellant stopped reporting to his probation officer. Subsequently, the trial court revoked the appellant's probation and sentenced him to serve his original sentence in confinement. On appeal, the appellant contends that the trial court erred in failing to sentence him to community corrections after revoking his probation. Upon review of the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JAMES CURWOOD WITT, JR., J., joined.

Mack Garner, Maryville, Tennessee, for the appellant, Jacky E. Jones.

Paul G. Summers, Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; Michael L. Flynn, District Attorney General; and John Bobo, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I.  Factual Background

On January 10, 1991, a jury found the appellant guilty of obtaining a controlled substance by fraud, a class D felony. The trial court sentenced the appellant as a standard Range I offender to three years incarceration in the Blount County Jail. As a special condition of the appellant's sentence, the trial court provided that "as soon as defendant is accepted into a Drug-Alcohol Rehabilitation Program, he may be released to that program. After completing that program, the defendant may apply for probation."

The appellant was accepted into and successfully completed a thirty-day rehabilitation program at The Lighthouse. On April 4, 1991, the trial court gave the appellant permission to enter the Hope Halfway House in Oak Ridge. Subsequently, on August 19, 1992, the trial court, by agreement, extended the appellant's probation for a period of eleven months. At that time, the appellant was maintaining steady employment, had a place to live, and was staying sober.

In November 1992, the appellant stopped meeting with his probation officer. A probation violation report was filed on March 5, 1993, and a probation revocation warrant was issued fifteen days later. For reasons unexplained in the record, the appellant was not arrested until after a subsequent violation report was filed on December 21, 2000, following the appellant's arrest for again attempting to obtain a controlled substance by fraud. A probation revocation hearing was then held on January 29, 2001.

At the probation revocation hearing, the appellant stipulated that he had not reported to his probation officer since November 1992, a period of approximately eight years. The appellant also stipulated that he was in arrears in payment of court costs. The appellant admitted that he had changed addresses and jobs without informing his probation officer and had recently been arrested for attempting to obtain controlled substances by fraud and for driving under the influence (DUI). The appellant explained that he remained sober for almost seven years after completing the rehabilitation program, but, in 1998 after experiencing trouble with kidney stones, he once again began abusing pain medication and methadone.

The appellant conceded that there was no valid reason for his failure to report to his probation officer, but maintained that he is currently employed, has a place to live, and he promised to pay $992 from a federal income tax refund toward his court costs. He acknowledged that he would always have a drug problem and asked the court to sentence him to community corrections for further drug treatment. The trial court stated:

> [During the period you did not report to your probation officer,] I'm glad you didn't get involved in any more serious criminal activity than you did, but a person that's on the run can't do enough admirable things to make up for the fact that they're on the run. Otherwise, an order of letting a person out of jail to be on probation provided that they report, et cetera, everybody would just quit reporting. And to not revoke you from probation and make you serve your sentence would, in fact, say that a probation order is not an order, it's just a probation suggestion. Which can't be.
>
> So, the sentence is revoked. You will serve the balance of the sentence as a range-one offender.

On appeal, the appellant argues that the trial court erred in failing to place him in community corrections after revoking his probation.

## II. Analysis

A trial court is authorized to order an appellant to serve the balance of his original sentence in confinement upon finding, by a preponderance of the evidence, that the appellant has violated the terms of his probation. See Tenn. Code Ann. §§ 40-35-310 and -311(d) (1997); State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). The revocation of probation rests in the sound discretion of the trial court and will not be overturned absent an abuse of that discretion. State v. Leach, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995). "In order for a reviewing court to find an abuse of discretion, it must be established that the record contains no substantial evidence to support the trial court's conclusion that a violation has occurred." State v. Conner, 919 S.W.2d 48, 49-50 (Tenn. Crim. App. 1995). As we earlier noted, the appellant stipulated to violating his probation by failing to report to his probation officer for approximately eight years. Additionally, the appellant concedes on appeal that he violated his probation. Accordingly, the trial court was justified in finding that the appellant violated the terms of his probation. See State v. Johnson, 15 S.W.3d 515, 518 (Tenn. Crim. App. 1999); Leach, 914 S.W.2d at 107.

While the appellant does not dispute that the trial court correctly revoked his probation, he nevertheless argues that the trial court erred in failing to sentence him to community corrections after revoking his probation. See Tenn. Code Ann. § 40-36-106 (1997). It was within the trial court's authority to order the appellant to serve his original sentence upon revoking the appellant's probation. See Tenn. Code Ann. §§ 40-35-310 and -311(d); State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). Moreover, "an accused, already on probation, is not entitled to a second grant of probation or another form of alternative sentencing." State v. Jeffrey A. Warfield, No. 01C01-9711-CC-00504, 1999 Tenn. Crim. App. LEXIS 115, at *4 (Nashville, February 10, 1999); see also State v. Timothy A. Johnson, No. M2001-01362-CCA-R3-CD, 2002 Tenn. Crim. App. LEXIS 136, at *6 (Nashville, February 11, 2002). As this court has previously observed,

> [t]he fact that he meets the minimum requirements for community corrections sentencing does not mean that he is entitled to a community corrections sentence as a matter of right. The trial judge has the statutory authority to order the defendant to serve the entire sentence in confinement upon violation of probation. In many ways, this defendant's record on probation is exemplary; however, he has demonstrated that he is unable or unwilling to put his drug-related past firmly behind him.

State v. Kendall Warren, No. 03C01-9804-CC-00145, 1999 Tenn. Crim. App. LEXIS 125, at *6 (Knoxville, February 10, 1999) (citations omitted). Therefore, we conclude that the trial court did not abuse its discretion in failing to impose an alternative sentence upon the appellant. See State v. Johnny Ray Christman, No. 01C01-9405-CC-00178, 1995 Tenn. Crim. App. LEXIS 295, at **5-6 (Nashville, March 30, 1995).

### III. Conclusion

Based upon the foregoing, we affirm the judgment of the trial court.

_____
NORMA McGEE OGLE, JUDGE